UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| IMATION CORPORATION, | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| TRANSCEND INFORMATION, INC. | **JURY TRIAL REQUESTED** |
| Defendant. | |

## COMPLAINT

Plaintiff Imation Corporation ("Imation"), for its Complaint for patent infringement against Transcend Information, Inc. ("Transcend"), alleges as follows.

## THE PARTIES

1. Imation is a corporation organized under the laws of the state of Minnesota, with its principal place of business at 1 Imation Way, Oakdale, MN 55126.

2. On information and belief, Transcend is a corporation organized under the laws of the State of California with a principal place of business located at 1645 North Brian St., Orange County, CA 92867.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code Section 1 *et. seq*.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Transcend because Transcend conducts substantial and continuous business in this judicial district. Transcend sells its products in retail locations throughout Minnesota. Transcend also offers products for sale in Minnesota through the internet that Imation alleges infringe Imation's patents. This Court has specific jurisdiction over Transcend because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Transcend would not offend traditional notions of fair play and justice.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Transcend conducts business in this District and the acts giving rise to the claims asserted therein occurred in this District.

## IMATION AND THE PATENTS-IN-SUIT

7. Imation was founded in 1996. Since Imation began, Imation's business has centered around technological innovation. Imation develops new technology and patents it. Imation has been developing technology related to USB flash drives since at least as early as the early 2000s.

8. On May 10, 2005, the United States Patent and Trademark Office (the "PTO") issued Patent No. 6,890,188 (the "'188 Patent"), entitled, "Memory Card Compatible With Device Connector And Host Connector Standards," to Trung V. Le. A true and correct copy of the '188 Patent is attached hereto as **Exhibit A**.

9. Imation is the owner by assignment of all rights, title and interest to and in the '188 Patent.

## COUNT I
### (Infringement of the '188 Patent)

10. Imation realleges and incorporates herein the allegations set forth in Paragraphs 1-9.

11. Transcend has directly infringed at least claim 10 of the '188 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and without authority products that infringe such claims, including Transcend's JetFlash® 380 OTG flash drive product (the "Infringing Product").

12. Transcend has also and continues to indirectly infringe at least claim 10 of the '188 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of the Infringing Product in this judicial district and elsewhere in the United States. Specifically, Imation alleges that Transcend has actively induced and continues to induce the infringement of at least claim 10 of the '188 Patent by actively inducing the use of the Infringing Product by third party users in the United States. Imation alleges that when Transcend offered for sale or sold the Infringing

Product, Transcend knew or should have known that its conduct would induce others to infringe claim 10 of the '188 Patent by using it.  Imation alleges that third parties have infringed and will continue to infringe the '188 Patent in violation of 35 U.S.C. 271(a) by using the Infringing Product.

13.   Transcend has also contributorily infringed at least claim 10 of the '188 patent by providing to third parties within the United States infringing devices that are not staple articles of commerce suitable for substantial non-infringing uses.  Imation believes that these third parties have infringed and will infringe the '188 Patent in violation of 35 U.S.C. 271(a).

14.   Imation has suffered damages as a result of Transcend's infringement of the '188 Patent.  In addition, Imation will continue to suffer irreparable harm unless this Court enjoins Transcend from infringing the '188 Patent.

## PRAYER FOR RELIEF

For the above reasons, Imation respectfully requests that this Court grant the following relief in its favor and against Transcend:

(a)   A judgment in favor of Imation that Transcend has infringed (either literally or under the doctrine of equivalents) one or more claims of the '188 Patent;

(b)   A permanent injunction enjoining Transcend and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing the '188 Patent;

(c)　A judgment and order requiring Transcend to pay to Imation its damages, costs, expenses, and pre-judgment and post-judgment interest for Transcend's infringement of the '188 Patent; and

(d)　Any and all such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Imation demands a trial by jury of this action.

Dated:  June 4, 2014　　　　　　　　　　WINTHROP & WEINSTINE, P.A.


By s/Michelle E. Dawson_____
　Devan V. Padmanabhan #0240126
　Michelle E. Dawson #0388610
　WINTHROP & WEINSTINE
　225 South Sixth Street, Suite 3500
　Minneapolis, MN 55402
　Telephone:  (612) 604-6400
　Facsimile:  (612) 604-6800
　dpadmanabhan@winthrop.com
　mdawson@winthrop.com


　Attorneys for Plaintiff Imation Corporation

9145475v1